UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |
|---|---|
| **FRIENDS OF ANMALS,** )<br>  )<br>Plaintiff,   )<br>  )<br>v.   )<br>  )<br>**KEN SALAZAR, Secretary of the Interior,** )<br>*et al.*,   )<br>  )<br>Defendants.   )<br>  ) | Civil Action No. 09-707 (RMC) |

## MEMORANDUM OPINION

On April 16, 2009, the non-profit animal advocacy group Friends of Animals ("FOA") filed a Complaint against Ken Salazar, Secretary of the Interior; Sam D. Hamilton,[1] Director of the U.S. Fish and Wildlife Service; and the U.S. Fish and Wildlife Service ("FWS") pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533 *et seq.*, and the Administrative Procedure Act ("APA"), 5 U.S.C. § 551 *et seq*, seeking declaratory and injunctive relief. Defendants have moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction. For the reasons set forth below, Defendants' motion will be granted in part and denied in part.

### I. FACTS

FOA petitioned FWS to list thirteen species of foreign macaws, parrots and cockatoos

---

[1] Pursuant to Federal Rule of Civil Procedure 25(d), Sam. D. Hamilton is substituted as Director for his predecessor, Acting Director Rowan Gould.

(the "Thirteen Species") as threatened or endangered under the ESA in January 2008.[2]  FOA is a non-profit international advocacy organization that seeks to free animals from cruelty and exploitation around the world and engages in advocacy programs.  It asserts that the Thirteen Species are highly sought after for sale in the caged-bird pet trade although they have dwindling populations and face possible extinction in their native habitats from legal and illegal harvesting.  *See* Compl. [Dkt. # 1] ¶ 5.

By letter dated October 27, 2008, "FOA notified the Secretary that he violated Section 4(b)(3)(A) of the ESA, 1[6] U.S.C. § 1533(b)(3)(A) by failing to determine within 90 days whether FOA's petition presents substantial information indicating that listing the parrots, macaws, and cockatoos may be warranted," thus providing its Notice of Intent ("NOI") to sue over the 90-day failure.  Compl. ¶ 28; Compl., Attach. 1 ("Sixty-day Notice of Intent to Sue") at 3.  The NOI asked the Service to issue the 90-day "preliminary determination as required by § 4(b)(3)(A) of the ESA . . . and commence a twelve-month status review of the species."  *Id.*, Attach. 1 at 5.  The NOI did not mention any failure to comply with the 12-month timetable because, at that point, twelve months had not passed since the petition was filed.

FOA filed this suit on April 16, 2009, seeking a declaration that FWS violated the ESA by failing to issue a timely 90-day finding on the Thirteen Species.  In addition, the Complaint also seeks a declaration that FWS violated the ESA by failing to issue a timely 12-month finding on FOA's petition.  Compl. ("Prayer for Relief") at 8.

---

[2] The Thirteen Species are Blue-Headed Macaw, Crimson Shining Parrot, Great-Green Macaw, Grey-Cheeked Parakeet, Hyacinth Macaw, Military Macaw, Philippine Cockatoo, Red-Crowned Parrot, Scarlet Macaw, Thick-Billed Parrot, White Cockatoo, Yellow-Billed Parrot and Yellow-Crested Cockatoo.  A fourteenth species – the Blue-Throated Macaw – was included but is not at issue because FWS had already issued a finding thereto.

On July 13, 2009, FWS placed on public inspection at the Federal Register its 90-Day Finding for the Thirteen Species. *See* Defs.' Mem. in Supp. of Mot. to Dismiss ("Defs.' Mem.") [Dkt. # 8] at 1. On that same day, FWS filed its motion to dismiss here. The finding was published in the Federal Register on July 14, 2009. *See* 90-Day Finding on a Petition to List 14 Parrot Species as Threatened or Endangered, 74 Fed. Reg. 33957 (July 14, 2009) (to be codified at 50 C.F.R. pt. 17).

## II.  LEGAL STANDARDS

When reviewing a motion to dismiss for lack of jurisdiction under Federal Rule of Civil Procedure 12(b)(1), a court must review the complaint liberally, granting the plaintiff the benefit of all inferences that can be derived from the facts alleged. *Barr v. Clinton*, 370 F. 3d 1196, 1199 (D.C. Cir. 2004). To determine whether it has jurisdiction over the claim, a court may consider materials outside the pleadings. *Settles v. U.S. Parole Comm'n*, 429 F.3d 1098, 1107 (D.C. Cir. 2005). No action of the parties can confer subject matter jurisdiction on a federal court because subject matter jurisdiction is an Article III and a statutory requirement. *Akinseye v. District of Columbia*, 339 F.3d 970, 971 (D.C. Cir. 2003). The party claiming subject matter jurisdiction bears the burden of demonstrating that such jurisdiction exists. *Khadr v. United States*, 529 F.3d 1112, 1115 (D.C. Cir. 2008).

A motion to dismiss for mootness is properly brought under Federal Rule of Civil Procedure 12(b)(1). *See Flores v. District of Columbia*, 437 F. Supp. 2d 22, 25 n.4 (D.D.C. 2006). That rule imposes on the Court "an affirmative obligation to insure that it is acting within the scope of its jurisdictional authority." *Jones v. Ashcroft*, 321 F. Supp. 2d 1, 5 (D.D.C. 2004). Under the Constitution, federal courts are limited to deciding "actual, ongoing controversies." *Honig v. Doe*,

484 U.S. 305, 317 (1988).  "Even where the litigation posed a live controversy when filed, the [mootness] doctrine requires a federal court to refrain from deciding it if events have so transpired that the decision will neither presently affect the parties' rights nor have a more-than-speculative chance of affecting them in the future."  *Clarke v. United States*, 915 F.2d 699, 701 (D.C. Cir. 1990) (quotation marks and citations omitted).  While the movant has the burden of proving mootness, a plaintiff must defend a motion to dismiss brought under Rule 12(b)(1) by proving by a preponderance of the evidence that the court has jurisdiction to hear its claims.  *See Khadr*, 529 F.3d at 1115.

A case is moot if a defendant can demonstrate that two conditions have been met: (1) interim relief or events have completely and irrevocably eradicated the effects of the alleged violation; and (2) there is no reasonable expectation that the alleged wrong(s) will be repeated.  *Doe v. Harris,* 696 F.2d 109, 111 (D.C. Cir. 1982) (citing *County of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979)).  When both conditions are satisfied, the case is moot because neither party has a legally congnizable interest in the final determination of the underlying facts and law.  *See Harris*, 696 F.2d at 111.

### III.  ANALYSIS

#### A.  Claims Pursuant to the ESA

*1.  Claims for Declaratory and Injunctive Relief*

FOA alleges that Defendants violated 16 U.S.C. § 1533(b)(3)(A) by failing to make a timely 90-day finding as to whether FOA's January 2008 petition offered substantial information suggesting that the petitioned action may be warranted.  On July 13, 2009, however, FWS placed the 90-day finding concerning FOA's petition on public inspection at the Federal Register, and the

finding was published the next day.  Defs.' Mem. at 1.  As Defendants have taken the action FOA requested, FOA's claim for injunctive relief is moot.  "[N]o justiciable controversy is presented . . . when the question sought to be adjudicated has been mooted by subsequent developments." *Flast v. Cohen*, 392 U.S. 83, 95 (1968); *Natural Res. Def. Council v. Nuclear Regulatory Comm'n*, 680 F.2d 810, 813-14 (D.C. Cir. 1982).  FOA can no longer seek relief with respect to its claim that Defendants violated 16 U.S.C. § 1533(b)(3)(A).

FOA argues that its claim is covered by one of the exceptions to the mootness doctrine; namely, that the challenged situation is "'capable of repetition yet evading review.'" Pl.'s Resp. to Defs.' Mot. to Dismiss ("Pl.'s Resp.") [Dkt. # 10] at 6 (quoting *Biodiversity Legal Found. v. Babbitt*, 63 F. Supp. 2d 31, 33 (D.D.C. 1999) (internal quotation marks omitted) ("*Biodiversity Legal I*")).  In *Biodiversity Legal I*, Judge James Robertson of this Court considered a factual scenario similar to the one presented here and found that although that plaintiff's claim for injunctive relief was mooted by the publication of a 90-day finding, its claim for a declaratory judgment that defendants had violated the statute was not moot because defendant FWS often failed to comply with statutory deadlines but "routinely cease[d] its offending conduct before any litigation [could] be resolved." 63 F. Supp. 2d at 33.

This case is distinguishable from *Biodiversity Legal I.*  FOA makes no claim, as did the Foundation, that it "monitors the Fish & Wildlife Service's stewardship of its obligations under the Endangered Species Act" and "has filed a number of suits challenging FWS delays in responding to citizen petitions." *Id*. at 32.  To find a case justiciable under the "capable of repetition yet evading review exception" to the mootness doctrine,  a court must find that "(1) the challenged action [is] in its duration too short to be fully litigated prior to its cessation or expiration, and (2) there [is] a

reasonable expectation that the same complaining party would be subjected to the same action again." *Weinstein v. Bradford*, 423 U.S. 147, 149 (1975); *Conyers v. Reagan*, 765 F.2d 1124, 1128 (D.C. Cir. 1985).  Here, the "same complaining party" will not be "subjected to the same action again," as a 90-day initial finding is a one-time determination for any given petition.  Additionally, a request for declaratory relief "does not affect [the Court's] mootness determination." *Conyers*, 765 F.2d at 1127; *see Columbian Rope Co. v. West*, 142 F.3d 1313, 1316 (D.C. Cir. 1998) (finding a claim that the Small Business Administration had improperly awarded a contract non-justiciable where the contract had already been performed: "[N]either injunctive relief preventing the government from making any further orders on the contract nor declaratory relief on the legality of the contract would affect the parties in any meaningful way.").  If the facts underlying the action change such that there is no immediate controversy between the parties, a claim for declaratory judgment fails.  *Conyers*, 765 F.2d at 1128.  Thus, FOA's claims seeking both injunctive and declaratory relief with respect to Defendants' alleged violations of 16 U.S.C. § 1533(b)(3)(A) must be dismissed.

        FOA also alleges that Defendants have violated 16 U.S.C. § 1533(b)(3)(B) by failing to make a 12-month finding on FOA's January 2008 petition.  The statute states that within 12 months of receiving a petition that is "found . . . to present substantial information indicating that the petitioned action may be warranted, the Secretary shall make" a finding as to whether the action is in fact warranted. 16 U.S.C. § 1533(b)(3)(B).  The requirement that the agency make a 12-month finding is mandatory.  *See Am. Lands Alliance v. Norton*, 242 F. Supp. 2d 1, 16 (D.D.C. 2003) (quoting *Center for Biological Diversity v. Norton*, 254 F.3d 833, 837 (9th Cir. 2001)) (finding that "the ESA 'is not at all ambiguous, but instead is exquisitely clear, concerning what the Secretary

must do when she receives a petition requesting action on a species.' . . . [T]he Secretary . . . 'shall' make a 12-month finding" regarding the petitioned action), *recons. granted by, vacated in part by,* 360 F. Supp. 2d 1 (D.D.C. 2003); *Biodiversity Legal Found. v. Norton*, 180 F. Supp. 2d 7, 9 (D.D.C. 2001) ("If [FWS] determines in its 90-day finding that revision may be warranted, [FWS] must determine within 12 months how [it] intends to proceed . . . . The 12-month determination must be made within 12 months after receiving a petition, regardless of when [FWS] issued its 90-day finding.") (internal citations and quotation marks omitted). FWS should have issued a 12-month finding with respect to FOA's petition no later than January 31, 2009.

When FOA provided its original NOI, however, Defendants had not yet missed the deadline for the twelve-month finding. Thus, admittedly and understandably, Plaintiff did not notify Defendants of its intent to sue for that particular statutory violation. *See* Pl.'s Resp. at 4. When bringing an action pursuant to the citizen suit provisions of the ESA, no plaintiff may commence an action without giving the Secretary sixty-days prior written notice of its intent to sue. 16 U.S.C. § 1540(g)(2). The Supreme Court has held that similar statutory notice provisions are mandatory and cannot be waived. *See Hallstrom v. Tillamook County*, 493 U.S. 20, 31 (1989) ("The notice and 60-day delay requirements are mandatory conditions precedent to commencing suit under the [Resource Conservation and Recovery Act of 1976] citizen suit provision; a district court may not disregard these requirements at its discretion."); *see Common Sense Salmon Recovery v. Evans,* 329 F. Supp. 2d 96, 104 (D.D.C. 2004) (applying *Hallstrom*'s analysis to the 60-day notice requirement of the ESA); *Humane Soc. of United States v. Lujan*, 768 F. Supp. 360, 362 (D.D.C. 1991) (same). FOA's failure to provide sixty-days' notice *prior* to bringing its claims with respect to the 12-month finding means those claims must be dismissed. *See Common Sense Salmon Recovery*, 329 F. Supp.

2d at 104 (dismissing plaintiffs' third cause of action for failure to state a claim where the notice letter provided to defendants only addressed plaintiffs' first two causes of action).

FOA argues that on July 21, 2009, it provided Defendants with notice of its intent to sue for FWS's failure to make a 12-month finding on several birds listed in FOA's petition, and that Defendants received this notice on July 27, 2009. *See* Pl.'s Resp. at 7. As sixty days have passed since Defendants received this second notice letter, FOA asks for leave to amend its Complaint "to address any concerns about proper notice." *Id.* at 8. However, in *Hallstrom* the Supreme Court noted that "[u]nder Rule 3 of the Federal Rules of Civil Procedure, '[a] civil action is commenced by filing a complaint with the court'" and held: "[A] plaintiff may not file suit before fulfilling the 60-day notice requirement. Staying judicial action once the suit has been filed does not honor this prohibition." 493 U.S. at 26; *see also Bldg. Indus. Ass'n v. Lujan*, 785 F. Supp. 1020, 1021-22 (D.D.C. 1992) (finding that "constructive notice" is insufficient and failure to strictly comply with the 60-day notice provisions of the ESA "require[s] dismissal," even where "th[e] case has been in litigation for an extended period"). Similarly, allowing FOA leave to amend its Complaint after commencing an action without proper notice would undermine the statute and render the notice requirement meaningless.[3] *See Hallstrom*, 493 U.S. at 24, 32-33 (finding that plaintiff could not cure defective notice by providing formal notice well after commencing suit; the case must be dismissed despite "years of litigation and a determination on the merits").

### 2. *Fee-shifiting*

Although FOA's substantive claims must be dismissed, FOA has also asked for an

---

[3] The Court notes that FOA did not file this action until April 16, 2009 — more than sixty days after FWS should have issued a twelve-month finding. Thus, FOA had plenty of time to notify Defendants of that violation prior to filing suit, but inexplicably failed to do so.

award of costs and fees in its Prayer for Relief. *See* Compl. ("Prayer for Relief") at 8. The ESA allows a court to award "costs of litigation (including reasonable attorney and expert witness fees) to any party, whenever the court determines such award is appropriate." 16 U.S.C. § 1540(g)(4). As the awarding of fees is a collateral issue rather than a determination on the merits, the Court still has jurisdiction to consider this issue despite dismissal of the Complaint. *See Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990) (finding that "district courts may award costs after an action is dismissed for want of jurisdiction").[4]

        FOA argues that an award of fees and costs is appropriate here because its lawsuit served as the "catalyst" for Defendants' subsequent remedial actions. Pl.'s Resp. at 6-7. Distinguishing the "whenever . . . appropriate" language in the ESA from the "prevailing party" language considered in *Buckhannon Board & Care Home v. West Virginia Department of Health and Human Resources*, 532 U.S. 598 (2001), this Circuit has held that a plaintiff may be awarded fees and costs under a catalyst theory of recovery. *See Sierra Club v. EPA*, 322 F.3d 718, 726 (D.C. Cir. 2003). To award FOA fees and costs under this theory, the Court must determine "whether the claim was colorable rather than groundless; whether the lawsuit was a substantial rather than an insubstantial cause of the defendant's change in conduct; whether the defendant's change in conduct was motivated by the plaintiff's threat of victory rather than threat of expense." *Buckhannon*, 532 U.S. at 610; *Sierra Club*, 322 F.3d at 727. Here, Defendants argue that FOA cannot meet the second element — namely, that its lawsuit was a substantial cause of FWS's remedial action. Instead,

---

[4] *Cooter* was superseded in part by the 1993 Amendments to Federal Rule of Civil Procedure 11(c), which incorporated a "safe harbor" period of 21 days during which a court may not act on a party's motion for sanctions under Rule 11 so that the party threatened with sanctions may withdraw the offending pleading if it so desires. These changes in the law are not relevant here.

Defendants state that FWS "made it known in its 2008 Annual Notice of Review ("ANOR") that it was already working on the 90-Day Finding on FOA's petition to list the Thirteen Species" and that such a finding was "a priority." *See* Defs.' Reply at 5.

The Court finds that Defendants overstate the information provided by the ANOR. In fact, the ANOR merely stated that FWS had received FOA's petition, among others, and had "a statutory responsibility under [16 U.S.C. § 1533(b)(3)] to process these petitions." Defs.' Reply, Ex. 1 (Annual Notice of Findings on Resubmitted Petitions for Foreign Species, 73 Fed. Reg. 44062, 44097 (July 29, 2008)). Among the petitions listed with FOA's in the ANOR were petitions dating back to 2005; all were described as "priorities" and actions that FWS "need[ed] to complete." *Id.* at 44096-97. The age of other "prioriti[zed]" petitions, coupled with the fact that FWS did not issue a 90-day Finding on FOA's petition until the day an answer was due in this case — almost one full year after the ANOR was published and approximately 14 months after such a finding was due — is sufficiently telling for the Court to find that FWS likely would not have acted on FOA's petition to date but for this lawsuit. *See Pub. Citizen Health Research Group v. Young*, 909 F.2d 546, 551 (D.C. Cir. 1990) (finding that, when considering whether a lawsuit was a catalyst for action, "chronology is important [but not dispositive] in determining causation"); *Am. Council of the Blind v. Wash. Metro. Area Transit Auth.,* 133 F. Supp. 2d 66, 73 (D.D.C. 2001) ("This Circuit has recognized that chronology, combined with the lack of alternative explanations for the change in the defendants' conduct, can be strong evidence of causation.").

Therefore, the Court will consider awarding FOA fees in this case. FOA is represented by the Environmental Law Clinic at the University of Denver, Sturm College of Law. While recognizing that "a request for attorney's fees should not result in a second major litigation,"


*Turner v. D.C. Board of Elections & Ethics*, 354 F.3d 890, 895 (D.C. Cir. 2004) (internal quotation marks omitted), the Court will order FOA to submit a statement of fees and costs to which it believes the Environmental Law Clinic is entitled and the basis for its belief. Defendants will then have the opportunity to challenge the Court's determination that FOA's lawsuit was the catalyst for FWS's action and to otherwise respond to any filing by FOA.

### B. Claims Pursuant to the Administrative Procedure Act

Additionally, FOA attempts to bring its claims pursuant to the APA, 5 U.S.C. § 702, as an alternative to the ESA. The relevant provision of the APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof" and allows a court to order injunctive or declaratory relief. *Id.* However, "APA jurisdiction is dependent upon the lack of an alternative adequate remedy." *Basel Action Network v. Mar. Admin.*, 370 F. Supp. 2d 57, 76 (D.D.C. 2005); *see Bldg. Indus. Ass'n*, 785 F. Supp. at 1021 n.1. Here, the ESA "citizen suit" provision provides Plaintiff with an adequate remedy. *See* 16 U.S.C. § 1540(g)(1). Thus, Plaintiff's claims under the APA must be dismissed as well.

### IV. CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss [Dkt. # 8] will be granted in part and denied in part. FOA's request for leave to amend the Complaint will be denied. FOA shall file a motion for fees and costs no later than December 18, 2009; Defendants shall file any response to FOA's motion no later than January 18, 2010; and FOA shall file any reply to its brief no later than February 1, 2010. A memorializing Order accompanies this Memorandum Opinion.

Date:  November 20, 2009                                  /s/
                                                ROSEMARY M. COLLYER
                                                United States District Judge