UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| FRIENDS OF ANIMALS, ) | |
| Plaintiff, ) | |
| v. ) | Civil Action No. 09-707 (RMC) |
| KEN SALAZAR, Secretary of the Interior, ) *et al.*, ) | |
| Defendants. ) | |

**MEMORANDUM OPINION**

On April 16, 2009, the non-profit animal advocacy group Friends of Animals filed a Complaint against Ken Salazar, Secretary of the Interior; Rowan Gould, Acting Director of the U.S. Fish and Wildlife Service; and the U.S. Fish and Wildlife Service ("FWS") pursuant to the Endangered Species Act ("ESA"), 16 U.S.C. § 1533 *et seq.*, seeking declaratory and injunctive relief. On November 20, 2009, this Court issued a Memorandum Opinion [Dkt. # 13] finding that Plaintiff's claim that Defendants had failed to make a 90-day finding on its endangered-species petition, as required by the ESA, was moot and its claim that Defendants had failed to meet the 12-month deadline provided by the ESA had to be dismissed due to Plaintiff's failure to provide Defendants with proper notice, as required by statute. The Court also found, however, that the Plaintiff's lawsuit was the catalyst prompting Defendants to ultimately issue a 90-day finding as required and, therefore, Plaintiff may be entitled to recover attorneys' fees and costs. Plaintiff's motion for attorneys' fees and costs [Dkt. # 15] is now before the Court.

Defendants "do[] not dispute that Plaintiff is entitled to reasonable fees for the filing

of its 90-day finding claim." Defs.' Resp. to Pl.'s Mot. for Att'y Fees and Costs ("Defs.' Resp.") [Dkt. # 16] at 6. They argue, however, that the costs Plaintiff has submitted are unreasonable. *Id.* Specifically, Defendants ask the Court to deduct 50% of the time spent on the notice letter, 65% of the time spent on the Complaint, and all of the time spent on the motion to dismiss. *Id.* at 2. Defendants argue that the time spent on the Complaint and notice letter was excessive for attorneys of the skill level of Plaintiff's counsel and that the time spent on the Complaint should be further reduced because it includes time spent working on Plaintiff's 12-month deadline claim, which was unsuccessful. Defendants also argue that Plaintiff should not recover at all for work spent on the motion to dismiss because it did not prevail on that motion.

The D.C. Circuit has noted that "[w]here a plaintiff presents in one lawsuit 'distinctively different claims for relief that are based on different facts and legal theories,' the court cannot allow a plaintiff to recover fees on the unsuccessful claims." *Sierra Club v. EPA*, 769 F.2d 796, 801 (D.C. Cir. 1985) (internal citations omitted). Rather, the Court must address each of the issues presented and determine whether the claims on which Plaintiffs prevailed were closely related to the ones on which they did not. *See id.*; *Am. Lands Alliance v. Norton*, 525 F. Supp. 2d 135, 146 (D.D.C. 2007). "[T]he mere fact that all the issues in a case stem 'from the same set of regulations and the same administrative record' does not mean that the issues are related enough for a partially successful plaintiff to be awarded attorney's fees for work performed on both successful and unsuccessful claims." *Am. Lands Alliance*, 525 F. Supp. 2d at 146 (internal citations omitted).

Plaintiff's claim regarding Defendants' failure to issue a 12-month finding is distinct from its claim regarding a 90-day finding and, in fact, the 12-month claim was not even properly part of this lawsuit. Plaintiff therefore may recover fees for work expended on the notice letter and

Complaint to the extent that work was related to its 90-day finding claim, but not for work related to its 12-month finding claim. Additionally, "hours reasonably expended on [a motion for fees] are compensable," *Sierra Club*, 769 F.2d at 811, so Plaintiff may recover those fees as well. The Court agrees that Plaintiff cannot recover for work spent on the motion to dismiss; Plaintiff did not prevail on that motion and the Court did not have jurisdiction over any of Plaintiff's substantive claims at that point.

Having determined that Plaintiff may recover some of its fees for the notice letter, Complaint, and petition for fees, the Court must determine how much Plaintiff may recover. Defendants argue that this was a simple case and that the Complaint and notice letter were virtually boilerplate documents. They cite *MacClarence v. Johnson*, 539 F. Supp. 2d 155, 161 (D.D.C. 2008) for the proposition that 10.4 hours is a reasonable amount of time to spend on a complaint that is "substantially similar" to a complaint filed in an earlier action. Defs.' Resp. at 5. Plaintiff counters that drafting the Complaint and notice letter involved extensive research to learn the facts underlying Plaintiff's petition calling for the protection of several species of parrot and address "complex issues of standing." Pl.'s Reply [Dkt. # 17] at 4-5. Plaintiff also argues that Defendants are making "conclusory assertions regarding the amount of time that Defendant[s] thinks Plaintiffs' [sic] counsel 'should have spent' on certain documents and litigation tasks," *id.* at 3 (quoting *Holbrook v. District of Columbia*, 305 F. supp. 2d 41, 46 (D.D.C. 2004)), when in fact the time spent was reasonable for a third-year law student working under the supervision of a licensed attorney, as was the case here.

*MacClarence* provides guidance, though not necessarily in the manner Defendants may have hoped. There, the court found that the defendant "[did] not point [the court] to the specific inefficiencies it finds objectionable. Without that information, an across the board percentage

reduction for unspecified 'inefficiencies' is arbitrary." *MacClarence*, 539 F. Supp. 2d at 161; *see also Ferland v. Conrad Credit Corp.*, 244 F.3d 1145, 1149 (9th Cir. 2001) (remanding case to district court for recalculation of fees where district court reduced the amount of compensable hours without explanation). Additionally, "the greater a lawyer's experience, the less time he should spend on familiar tasks. It is likely that an inexperienced lawyer would have spent more time than plaintiffs' counsel did drafting the complaint and getting it in final form to be filed." *MacClarence*, 539 F. Supp. 3d at 161. It is also reasonable to expect law students to require more supervision for their work than would a licensed attorney. *See Gavin-Mouklas v. Infor. Builders, Inc.*, Civ. No. 97-2085, 1999 U.S. Dist. LEXIS 14448, at *13 (S.D.N.Y. Sept. 15, 1999).

The Court finds it is reasonable for an inexperienced attorney — or, as here, a law student — to take more than the 10.4 hours the *MacClarence* court deemed appropriate for drafting a complaint. The Court agrees, however, that the fact that the Complaint purported to sue Steven Williams in his capacity as Director of FWS, when Mr. Williams had not been Director for several years at the time of filing, suggests that Plaintiff's counsel worked from a template that has been used many times before. This is further evidenced by the fact that the majority of the Complaint is citations to statutory provisions, with only the Factual Background and Prayer for Relief sections containing information unique to this case. *See* Compl. [Dkt. # 1]. The Court therefore will reduce the amount of time spent on the Complaint by 50% to account for the fact that it appears to be largely boilerplate and for the time spent addressing the 12-month deadline claim, on which Plaintiff did not prevail.

The notice letter appears to be much more specific to this case than the Complaint, detailing Plaintiff's petition and the research in support thereof. The two attorneys who worked on

the notice letter, Michael Harris and Kay Bond, are experienced attorneys in the field of environmental law, boasting nearly twenty years of legal practice between them. *See* Decl. of Kevin Lynch [Dkt. # 15-1], Exs. B & C (Resumes of Mr. Harris and Ms. Bond). Mr. Harris and Ms. Bond spent 17.3 hours finalizing the five-page notice letter. Defendants do not point to any specific redundancies in the time sheets these attorneys submitted, but simply state that the amount is excessive for experienced attorneys. Defs.' Resp. at 5. However, in reviewing those time sheets, the Court sees that much of this time was spent meeting with the law student team and reviewing their research memoranda and drafts of the notice letter over the course of two months. As the Court noted above, it is not unreasonable for law students to take longer and to require more supervision to complete tasks that may seem basic to a more experienced attorney. Plaintiff does not seek fees in connection with any student's work on the notice letter, only for the work of the supervising attorneys. The Court finds this reasonable and will not reduce the amount of time for which Plaintiff can recover fees related to preparing the notice letter.

The parties do not dispute that the appropriate rates for the calculation of attorney fees are found in the Laffey Matrix.[1] Therefore, Ms. Piggot's work on the Complaint, reduced by 50%, will be billed at a rate of $130 per hour for a total of $1943.50. Mr. Harris's work on the Complaint, reduced by 50%, will be billed at a rate of $410 per hour for a total of $738. Mr. Harris's work on the notice letter will be billed at a rate of $410 per hour for a total of $943. Ms. Bond's work on the notice letter will be billed at a rate of $270 per hour for a total of $4,050.00. Plaintiff's counsel also may recover all fees that the Court can establish are connected to their motion for attorney fees and

---

[1] Laffey Matrix 2003-2010, available at United States Attorney's Office for the District of Columbia, http://www.justice.gov/usao/dc/Divisions/Civil_Division/Laffey_Matrix_8.html (last visited March 15, 2010).

all costs, that is, $1189 for Mr. Harris's work on the fee petition, $2857.50 for Mr. Lynch's work, and $1053 for Ms. Ferrell's work, plus $350 in costs. Plaintiff's counsel may not recover any fees associated with responding to Defendant's motion to dismiss.

In sum, Plaintiff will be awarded $13,124 in fees and costs. A memorializing order accompanies this Memorandum Opinion.


Date: March 16, 2010                                  /s/
                                              ROSEMARY M. COLLYER
                                              United States District Judge